Filed 11/19/15  P. v. Holcomb CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C079047 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR89904) |
| v. | |
| RONALD LOY HOLCOMB, | |
| Defendant and Appellant. | |

Defendant Ronald Loy Holcomb pled guilty to felony possession of ammunition. Defendant also admitted to having two prior strike convictions within the meaning of the three strikes law.

On appeal, defendant contends the trial court abused its discretion when it denied his motion to dismiss one of his prior felony strike convictions.  Defendant argues this abuse of discretion violated his Fourteenth Amendment right to due process of law and violated the Eighth Amendment's ban on cruel and unusual punishment.  Finding no error in the trial court's ruling, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2013, Tehama County sheriff's deputies saw defendant standing next to the open door of a recently stolen pickup truck. The officers stopped defendant when he began to walk away from the truck toward "the back of a nearby apartment building." After apprehending defendant, the officers determined he had a warrant for his arrest. The officers subsequently searched defendant and found a single bullet in his front pocket. Defendant claimed the ammunition came from change he received at a store he recently visited.

When officers asked defendant about the stolen vehicle, he initially denied any knowledge of the truck, insisting he had simply been standing near it. This statement contradicted information provided by a woman the officers previously saw in the front seat of the stolen truck. The woman told the officers that she and a friend asked defendant for a ride, and he picked the two of them up in the truck, but got out just before the officers arrived. After the officers confronted defendant with the information gathered from the woman, defendant admitted driving the truck for a short period of time to and from a store. Defendant later renounced his admission and again denied any responsibility for the truck. Subsequently, the officers searched the truck and found numerous types of ammunition in the driver's side door pocket, along with a plastic replica handgun. The officers also located a pack of cigarettes that contained less than a tenth of a gram of methamphetamine and found a baggie containing 19.75 grams of marijuana on the center console.

Defendant was charged with unlawful driving or taking of a vehicle, possession of ammunition, and possession of a controlled substance. Each of the charges specifically alleged that defendant had been convicted of two prior serious or violent felonies under the three strikes law. Defendant pled guilty to possession of ammunition in exchange for dismissal of the two remaining counts. In his plea, defendant admitted the two prior strikes, one of which resulted from a 1990 conviction for attempted second degree

2

murder and the second of which arose from a 1995 conviction for assault with a deadly weapon.

Before sentencing, defendant submitted a *Romero*[1] motion, requesting the court dismiss his 1995 strike. The trial court denied defendant's motion and sentenced him under the three strikes law to 25 years to life in prison. Defendant timely appealed.

DISCUSSION

I

*The Romero Motion*

Defendant argues the trial court abused its discretion by failing to dismiss his 1995 conviction. We disagree. In *Romero*, our Supreme Court held trial courts have discretion under Penal Code section 1385 to dismiss a prior strike when a court finds a defendant falls outside the spirit of the three strikes law. (Pen. Code, § 1385; *People v. Superior Court* (*Romero*), *supra*, 13 Cal.4th at pp. 529-530.) In deciding whether to exercise this discretion, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

A trial court's "failure to . . . strike a prior [felony] conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) "[A] trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances." (*Id.* at p. 378.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First,

_____

[1]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

3

' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve the legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at pp. 376-377.)

Defendant's continuous criminal history supports the trial court's decision not to dismiss his 1995 conviction. Defendant's criminal record includes a 1987 felony conviction for receiving stolen property; a 1990 felony conviction for attempted second degree murder, for which he was sentenced to 13 years in prison; and a 1995 felony conviction for assault with a deadly weapon, for which he was sentenced to five years in prison, served consecutive to his 13 year sentence. After being released from prison in 2003, defendant's criminal behavior continued, resulting in a 2004 misdemeanor conviction for driving under the influence of alcohol; a 2008 misdemeanor conviction for reckless driving; a 2014 misdemeanor conviction for violating a domestic violence court order; a 2014 felony conviction of possession of a stolen vehicle; a 2014 misdemeanor conviction for disturbing the peace while on college or university grounds; and the present felony offense of possession of ammunition. While the trial court correctly noted a court cannot solely base its decision to deny a *Romero* motion on a defendant's prior record, "extraordinary must the circumstance be by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack." (*People v. Strong* (2001) 87 Cal.App.4th 328, 338.)

4

Defendant asserts the combination of his individualized characteristics and predominantly nonviolent criminal history warranted a dismissal of his 1995 strike. Defendant argues his age (49), history of employment, financial responsibility in paying off a prior restitution fine and child support obligations, and participation in substance abuse treatment and educational programs while in jail awaiting the current charges are individualized considerations that take him outside the spirit of the three strikes law. In addition, defendant emphasizes the nonviolent nature of the charged offense and the majority of his prior convictions. Defendant thus argues a dismissal of his previous strike was warranted and a failure to do so constituted an abuse of discretion by the trial court. We disagree.

The record shows the trial court considered defendant's criminal history and personal characteristics when deciding defendant's motion to dismiss. In denying defendant's *Romero* motion, the trial court stated defendant's "background, character and prospects, along with his previous record" kept him within the spirit of the three strikes law. The trial court acknowledged that "even though the current offense [wa]s certainly less in the grand scheme of things with regard to the defendant's prior criminal record" and despite the fact "reasonable people could differ with regard to what the defendant's criminal history indicates," defendant "ha[d] shown a complete disregard . . . to the law [and] in following the direction that he [had been] given by the Court, Probation, parole, et cetera." Although we acknowledge defendant has made some "strides toward leading a normal, productive life," we cannot conclude the trial court abused its discretion in concluding his continuous "disregard . . . to the law," despite his attempts at betterment, warranted a denial of his *Romero* motion. Given the high level of deference afforded to the trial court and defendant's demonstrated inability to comply with the rules of society, we conclude the court's decision was not "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.)

5

## II

### *Constitutional Claims*

Defendant's constitutional argument amounts to a one-sentence claim that "[a] determination that the sentencing court abused its discretion in imposing essentially a life term under the Three Strikes law also requires reversal as a violation of [] defendant's right to due process and the ban on cruel and unusual punishment." We disagree, and our rejection of defendant's contentions is three-fold.

First and foremost, other than the cursory, aforementioned statement, defendant does not develop an argument for his claims, nor does he cite any relevant authority to support his contentions. Because he fails to "elaborate on these separate bases for relief," we may decline to address his claims. (*People v. Brown* (2003) 31 Cal.4th 518, 537, fn. 6.)

Secondly, "[i]t is elementary that [a] defendant waive[s] [an argument based on the U.S. Constitution] by failing to articulate an objection on federal constitutional grounds below." (*People v. Burgener* (2003) 29 Cal.4th 833, 886.) After the trial court denied defendant's *Romero* motion, he failed to bring any Eighth or Fourteenth Amendment objection to the attention of the trial court. To the contrary, defendant stated "[t]here [wa]s no legal cause why judgment [could not] be pronounced . . . [and he was] prepared to submit on the recommendation contained in the report in light of the Court's ruling on the *Romero* motion." Thus, the record clearly shows defendant never raised his constitutional objections in the trial court, and he has therefore forfeited those objections on appeal.

Lastly, defendant premised his constitutional argument upon a finding of abuse of discretion by the trial court. Defendant states, "[a] determination that the sentencing court abused its discretion . . . requires reversal as a violation of [] defendant's right to due process and the ban on cruel and unusual punishment." Because we conclude the trial court did not abuse its discretion, defendant's argument is without merit.

DISPOSITION

The judgment is affirmed.


/s/
Robie, Acting P. J.


We concur:


/s/
Butz, J.


/s/
Hoch, J.

7